UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

SUBARU OF INDIANA AUTOMOTIVE, INC,    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )       No. 4:24-cv-00011-TWP-KMB
                                      )
VALEO SYLVANIA LLC,                   )
                                      )
                Defendant.            )

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND DEADLINES**

Presently pending before the Court is Defendant Valeo Sylvania LLC's ("Valeo"), Motion to Extend the Deadlines in this case by 120 days. [Dkt. 87.] Plaintiff Subaru of Indiana Automotive, Inc. ("Subaru"), objects to Valeo's request. [Dkt. 90.] Valeo filed a reply, [dkt. 92], and the Motion is now ready for the Court's review.

Valeo filed the pending Motion before the non-expert/liability discovery deadline of March 13, 2026. [Dkt. 87 (filed March 6, 2026).] Under Federal Rule of Civil Procedure 16(b)(4), deadlines "may be modified only for good cause and with the judge's consent." The good cause standard "focuses on the diligence of the party seeking the extension." *Price Waicukauski & Riley, LLC v. Murphy*, 2013 WL 523409, at *1 (S.D. Ind. Feb. 12, 2013). District courts have broad discretion to manage their caseloads and the docket of each case. *See Grifin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008).

In the extensive briefing on this dispute, the Parties spill much ink arguing with each other regarding whether the remaining case management plan deadlines should be extended and whether Valeo has been diligent in pursuing discovery in this case. Subaru agrees that there are still some depositions that need to occur and agrees with extending the deadline for those; however, it objects

to Valeo's "request for a sweeping 120-day expansion of written and nonparty discovery." [Dkt. 90 at 12.] The Court has reviewed the Parties' arguments and does not feel the need to belabor them further here. However, a few things stand out to the Court, both from the Parties' briefing on this issue and its familiarity with the case from the numerous status conferences with counsel.

First, this is a large and complex case. Subaru claims "nearly $200 million in damages" related to its claims. [Dkt. 92 at 1.] The case is made even more challenging by Subaru's complex corporate structure, including the involvement of a parent corporation that is a Japanese entity. [*See, e.g.*, dkt. 87 at 2-3.] Additionally, the Parties have been upfront with the Court from the start that this case would involve a significant amount of non-party discovery. [*Id.*]

Second, at various status conferences over the course of the past two years, counsel for both sides have discussed the volume and complexities of discovery in this case and the likely need for non-party motions to be filed in other districts to obtain necessary discovery. Counsel are well aware of this District's Local Rule 37-1 which requires them to contact the chambers of the undersigned if they cannot promptly resolve a discovery dispute. Despite the record reflecting that counsel has informed the Court multiple times that a request for a discovery conference may be on the horizon, [*see* dkts. 67; 73; 82], no such request has ever been made by either Party. In other words, while the Court does not want to invite unnecessary discovery conference requests and it appreciates counsel attempting to work out their disputes, the time has come for counsel to figure out where there are unresolvable disputes and seek court intervention if necessary.

Third, Valeo has filed a Motion for Leave to File a Counterclaim, [dkt. 74], which Subaru opposes, [dkt. 76], and that Motion remains pending before this Court. While the Court agrees with Subaru that Valeo's Motion for Leave alone is not a basis for the extension it now seeks, the existence of that Motion and its potential impact on discovery if granted are one of the factors the

Court is considering in reviewing Valeo's pending extension request.  The Court will rule on that Motion in due course as soon as it is able; however, the reality of the high caseload per judge in this District means that a significant ruling of that nature often takes longer to receive than Parties prefer.

After considering Valeo's Motion for Extension of Time and Subaru's objection, the Court has determined that Valeo has shown good cause to obtain an extension of the case management plan deadlines in this case, but not the full 120-day extension that it seeks.  Rather, the Court finds that a 90-day extension should be sufficient.  Thus, the Court **GRANTS IN PART** Valeo's Motion for Extension of Time, [dkt. 87], such that it extends the case management plan deadlines as follows:

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Non-expert discovery shall be completed | March 13, 2026 | June 11, 2026 |
| Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) | April 30, 2026 | July 29, 2026 |
| Dispositive motions shall be filed | June 18, 2026 | September 16, 2026 |
| Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) | June 30, 2026 | September 28, 2026 |
| Party with burden shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based | March 20, 2026 | June 18, 2026 |
| All parties shall file and serve their final witness and exhibit lists | August 27, 2026 | November 25, 2026 |
| Expert witness discovery shall be completed | September 2, 2026 | December 11, 2026 |

Given that the new dispositive motions deadline in this case is still more than 180 days ahead of the currently scheduled trial date in this case (June 21, 2027), the Court agrees with Valeo that these extensions do not impact the trial date as currently scheduled.

**SO ORDERED.**

Date: 3/20/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered counsel of record via Court's CM/ECF System