**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| SUBARU OF INDIANA AUTOMOTIVE, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00011-TWP-KMB |
| | ) | |
| VALEO SYLVANIA LLC N/K/A Valeo North America, Inc., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OVERRULING OBJECTIONS AND AFFIRMING MAGISTRATE JUDGE'S ORDER

This matter is before the Court upon Defendant Valeo North America, Inc.'s ("Valeo") Objections to the Magistrate Judge's April 30, 2026, Order Denying Valeo's Motion for Leave to Amend (Filing No. 99). Because Valeo's Objections do not satisfy the highly deferential standard set out in Federal Rule of Civil Procedure 72(a), the Objections are **overruled**, and the Magistrate Judge's Order is **affirmed**.

### I.   BACKGROUND

The claims in this case arise from the recall of defective vehicle headlamps (Filing No. 1). Plaintiff Subaru of Indiana Automotive, Inc. ("SIA") manufactures motor vehicles, and Valeo manufactures vehicle lighting. *Id.* at 2. The parties entered into a contract in which Valeo agreed to supply SIA with headlamps for its Impreza vehicles. *Id.* In July 2022, the U.S. Department of Transportation's National Highway Safety Administration required SIA to initiate a recall because the front headlamps manufactured by Valeo did not meet federal safety standards. *Id.* at 4.

SIA filed the instant case on January 22, 2024, asserting state-law claims of breach of contract and breach of warranty against Valeo. *Id.* at 1, 5. The Court entered a Case Management

Plan on April 18, 2024 (Filing No. 22). Among other deadlines, the Court set the deadline for motions for leave to amend pleadings or to join additional parties as June 24, 2024. *Id.* at 3. On January 20, 2026, Valeo filed a Motion for Leave to File a Counterclaim (Filing No. 24). Valeo's justification for filing its Motion for Leave more than a year-and-a-half after the deadline to amend was that it recently found out during discovery that "SIA is inflating its damages with incremental profits from its corporate affiliates." (Filing No. 75 at 5). Valeo says this was first discovered during the deposition of SIA employee, Ken Nelson, on October 28, 2025 (Filing No. 79-1). Specifically, Nelson explained that Valeo sells a headlamp to SIA, then SIA sells the headlamp to Subaru of America, Inc. ("SOA") at a higher price, and finally, SOA sells it to the dealer for an even higher price. *Id.*; (Filing No. 79 at 6). Following Mr. Nelson's deposition, Valeo says it "promptly requested invoices and other records from SIA showing how SIA and its corporate affiliates invoiced costs for the Impreza headlamp recall." (Filing No. 75 at 6). Valeo received the documents that corroborated Mr. Nelson's testimony on December 23, 2025 (Filing No. 79 at 6). Valeo filed their Motion for Leave to File a Counterclaim on January 20, 2026 (Filing No. 74).

On January 22, 2026, the Court referred the Motion to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). On April 30, 2026, the Magistrate Judge issued an Order Denying Valeo's Motion for Leave (Filing No. 96) (the "Order"). The Magistrate Judge found that Valeo failed to carry its burden to show "good cause" under Fed. R. Civ. P. 16(b) and denied Valeo's Motion for Leave. On May 14, 2026, Valeo filed its Objections to the Order, requesting that this Court reverse the Magistrate Judge's Order as to seven of its ten proposed declaratory claims (Filing No. 99).

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 72(a), district judges must set aside pretrial magistrate judge orders when the order is "clearly erroneous or is contrary to law." "The clear error standard means that

the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Pursuant to Fed R. Civ. P. 15(a), courts may deny leave to amend based on "futility, undue delay, prejudice, or bad faith." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). The decision to grant or deny leave to amend the pleadings is within the discretion of the trial court. *See Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015). When an amendment would require modification of the scheduling order, a counterclaim plaintiff must also satisfy the "heightened good cause standard" under Rule 16(b)(4) before the Rule 15(a) requirements are considered. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).

## III.    DISCUSSION

In the Order, the Magistrate Judge noted that the "primary consideration for district courts is the diligence of the party seeking amendment." *Sumrall v. LeSea, Inc.*, 104 F.4th 622, 630 (7th Cir. 2024). The Magistrate Judge found that Valeo failed to sufficiently explain why it could not have raised its Counterclaims at the outset of the case, as it was not based on any new information. (Filing No. 96 at 5). The Magistrate Judge acknowledged that "[a]s a general matter, [] new information revealed in discovery followed shortly thereafter by a motion for leave to add a new claim or party can amount to sufficient diligence and establish good cause to amend the scheduling order," but explained that "the newly discovered information must be the reason that the claim can be brought now rather than earlier in the litigation." *Id*. at 6 (citing *Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022) (affirming the district court's denial of leave to add a claim based on a lack of good cause under Rule 16 because the party seeking to add the claim "had all the information he needed to include that claim much earlier in the litigation.")). Noting this, the Magistrate Judge

3

found that Valeo had not explained how the new evidence regarding the alleged headlamp markups allows it to bring a breach of contract counterclaim only now, when it could not have earlier in this case. The Magistrate Judge took notice of SIA's assertions that the recall began in late 2022, the parties entered into a tolling agreement in June 2023, and Valeo had not demanded information from SIA under Section 17 of their agreement before or after the suit had started.[1] *Id.* at 5.

The Magistrate Judge also found that Valeo did not meet its Rule 16 burden in regard to its Declaratory Judgment Counterclaim: "The difficulty for Valeo is that, based on what it has presented, it is unclear whether the declarations it seeks could have been brought earlier in the litigation." *Id.* at 10. The Magistrate found that the Court had no "obligation to sort through each of the ten declarations Valeo seeks and construct arguments for why there may or may not be good cause to add such a counterclaim based on the new evidence on which Valeo relies." (Filing No. 96 at 11). "As the moving party with the burden to establish good cause, that obligation was Valeo's, but it failed to do so. When, as here, 'a party presents an insufficiently robust explanation of why [it] was diligent, there is no good cause.'" *Id.* (citing *Sumrall*, 104 F.4th at 630). Accordingly, the Magistrate Judge concluded that this failure to establish good cause warranted denying Valeo's Motion as to both of its proposed claims.

In its Objections, Valeo argues that "the Magistrate Judge recognized [that] declarations (b) and (e)-(j) are related 'on their face' to recently discovered evidence" and that "[i]t was clearly erroneous to reject those claims merely because other claims are not so related." (Filing No. 99 at 12). Thus, Valeo claims that the "necessary implication" of the Order "is that good cause existed for some of the declarations, yet the court denied the claim in total" and that it was clearly

---

[1] Section 17 of the supply agreement between the two parties "outlines certain obligations of SIA and rights of Valeo as it relates to SIA's request for reimbursement from Valeo." (Filing No. 74-1 at 21). Among other things, it requires SIA to provide "certain cost information to Valeo, which Valeo then has a right to review, challenge, and audit." *Id.*

erroneous to deny all claims "rather than grant[] leave as to the declarations for which good cause was apparent." *Id.* at 9, 11. No such implication exists. The Magistrate Judge did not hold that any claims were, in fact, related to the new evidence and the Magistrate Judge clearly articulated that Valeo failed to carry its burden to demonstrate why there was good cause for the declarations. *Id.* at 11.

Valeo claims that in these circumstances, the court should grant leave as to the "meritorious claims" rather than deny the motion entirely (Filing No. 99 at 10). Under proper circumstances, courts can choose to grant leave for some amended claims and deny leave for others. *See, e.g., Doe v. Butler Univ.*, No. 1:22-cv-1828, 2023 WL 8254524, at *2–3 (S.D. Ind. Nov. 29, 2023) (granting plaintiff's motion for leave in part where one requested amendment unopposed by defendant). However, the Magistrate Judge explicitly held that Valeo failed to demonstrate good cause for its proposed declaratory judgment claim. The Magistrate's Order was not based on the belief that the Court was unable to grant leave for some claims and deny leave for others, and Valeo fails to demonstrate in its Objection how the Magistrate Judge's finding of insufficient good cause was clearly erroneous.

Valeo's Objection is also the first time that Valeo has distinguished between its proposed declarations (b) and (e)-(j) (the "markup-related declarations") and the other proposed amendments (Filing No. 99). As SIA points out in their response, if Valeo thought these declarations were different from its other proposed claims and should be treated differently by the Court, it should have explained that in its initial brief or reply brief, especially after the Magistrate Judge's Order explicitly referenced SIA's response calling out Valeo's failure to "justify each of the ten declaratory judgment claims." (Filing No. 96 at 11).

The Magistrate Judge correctly recognized that, as the party with the burden to establish good cause, Valeo's briefing was insufficient to connect the purported new evidence to any of Valeo's proposed counterclaims. Accordingly, the decision was not clearly erroneous or contrary to law, so this Court **overrules** Valeo's Objections and **affirms** the Order.

## IV.    CONCLUSION

It was not clearly erroneous or contrary to law for the Magistrate Judge to deny Valeo's motion for leave under Fed. R. Civ. P. 72. Accordingly, Valeo's Objections (Filing No. 99) are **OVERRULED**, and the Magistrate Judge's Order (Filing No. 96) is **AFFIRMED**.

   **SO ORDERED**.

   Date:    7/2/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Aaron C. Cox
aaron.cox@icemiller.com

Gabriella D'Agostini
Honigman LLP
gdagostini@honigman.com

Rian Dawson
Honigman LLP
rdawson@honigman.com

Riley H. Floyd
Hoover Hull Turner LLP
rfloyd@hhtlaw.com

John David French
Ice Miller LLP
jd.french@icemiller.com

George A. Gasper
ICE MILLER LLP (Indianapolis)
george.gasper@icemiller.com

6

Audrey K. Howard
ICE MILLER LLP (Indianapolis)
audrey.howard@icemiller.com

Jeffrey Lamb
Honigman LLP
swiegand@honigman.com

Michael R. Limrick
HOOVER HULL TURNER LLP
mlimrick@hooverhullturner.com

Thomas Eugene Mixdorf
ICE MILLER LLP (Indianapolis)
thomas.mixdorf@icemiller.com

Essence Patterson
Honigman LLP
epatterson@honigman.com

Benjamin VanderWerp
Honigman LLP
bvanderwerp@honigman.com

Katelyn M. Young
Honigman LLP
kyoung@honigman.com