UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SUBARU OF INDIANA AUTOMOTIVE, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00011-TWP-KMB |
| | ) | |
| VALEO SYLVANIA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PENDING MOTIONS TO SEAL**

Presently pending before the Court are two Motions to Seal filed by Plaintiff Subaru of Indiana Automotive, Inc. ("SIA"). [Dkts. 119; 125.] Defendant Valeo Sylvania LLC ("Valeo") has responded to the motions, and both are now fully briefed. Both motions relate to filings made under seal in the course of briefing SIA's Motion to Compel. [Dkt. 116.] Following a hearing on the Motion to Compel, the Court unsealed the exhibits that the Parties agreed could be unsealed but kept the disputed portions of the motions under advisement. [Dkt. 146.] For the reasons explained below, the remaining portions of the Motions to Seal are **GRANTED**. [Dkts. 119; 125.]

## I. BACKGROUND

The claims in this case stem from a recall of vehicle headlamps. Plaintiff SIA manufactures motor vehicles, and Defendant Valeo manufactures vehicle lighting, including headlamps. [Dkt. 1 at 2.] SIA brought this action against Valeo, alleging breach of contract and breach of warranty claims based on Valeo's alleged failure to supply necessary headlamps for the recall and failure to indemnify SIA for the costs of the recall. [*Id.* at 5-6.]

SIA moved to compel Valeo to produce certain evidence. [Dkt. 116.] During briefing on SIA's Motion to Compel, SIA filed multiple exhibits and briefs under seal. Following a hearing

on the Motion to Compel, the Court unsealed the exhibits that the Parties agreed could be unsealed but kept the disputed portions of the motions under advisement. [Dkt. 146.] Presently pending before the Court are the Parties' disputes regarding whether the remaining sealed filings should remain under seal.

## II. APPLICABLE LEGAL STANDARDS

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'" *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). Good cause may exist when the confidential material is non-dispositive or where documents contain trade secrets or other categories of sensitive confidential information. *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545-46 (7th Cir. 2002). However, the presumption of public access only applies "to materials that affect judicial decisions." *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014).

## III. DISCUSSION

### A. SIA's Motion to Compel Brief and Certain Exhibits Attached Thereto (Dockets 118, 118-3, 118-4, and 118-5)

Valeo asks the Court to maintain under seal redacted portions of SIA's Motion to Compel brief, [dkt. 118], and three exhibits attached thereto, [dkts. 118-3; 118-4; 118-5], arguing that they include "proprietary and competitively sensitive information, including Valeo's internal quality processes and procedures, customer metrics, and nonpublic pricing information." [Dkt. 122 at 2.]

SIA takes no position on whether Valeo has shown good cause to keep this information under seal. [Dkt. 129 at 2.]

At the outset, the Court notes that there is already a publicly-available unsealed version of SIA's Motion to Compel brief on the docket with only two paragraphs redacted. [*See* dkt. 117 at 16-17.] Therefore, the question is whether the Court should unseal those two paragraphs and three of the exhibits attached thereto that are at issue.

The Court has considered the two sealed paragraphs, the three sealed exhibits, and the Parties' arguments regarding them. The Court concludes that Valeo has shown good cause to keep these two paragraphs and three exhibits under seal. They contain, among other things, proprietary and sensitive information that competitors could "leverage and exploit" if made public. *Comedica Inc. v. Hill-Rom Servs., Inc.*, 2023 WL 5231515, at *1 (S.D. Ind. Apr. 21, 2023). Accordingly, the Motion to Seal is **GRANTED**, [dkt. 119], and the brief and exhibits at issue can remain under seal, [dkts. 118; 118-3; 118-4; 118-5].

**B. SIA's Reply Brief and Certain Attached Exhibits (Dockets 124, 124-1, and 124-4)**

The second Motion to Seal involves SIA's reply brief supporting its Motion to Compel, [dkt. 124], and two exhibits attached thereto, [dkts. 124-1; 124-4]. Valeo asks the Court to maintain one sentence of the reply brief and two exhibits under seal, arguing that they too "reference proprietary and competitively sensitive information." [Dkt. 132 at 2.] SIA again takes no position on whether Valeo has shown good cause to keep this information under seal. [Dkt. 134 at 2.]

The Court notes that there is already a publicly-available unsealed version of SIA's reply brief in the record that only has one sentence redacted. [Dkt. 132-2 at 8-9.] Therefore, the question is whether the Court should unseal that sentence and the two exhibits at issue.

The Court has considered the sealed sentence in the reply brief, the two sealed exhibits, and the Parties' arguments regarding them. As with the first Motion to Seal, the Court concludes that Valeo has shown good cause to keep that sentence and two exhibits under seal. They contain, among other things, proprietary and sensitive information that competitors could "leverage and exploit," *Comedica*, 2023 WL 5231515, at *1, as well as confidential customer information that should not be made public, *see Advanced Magnesium Alloys Corp. v. Dery*, 2022 WL 20514945, *2 (S.D. Ind. May 16, 2022). Accordingly, the Motion to Seal is **GRANTED**, [dkt. 125], and the brief and exhibits at issue can remain under seal, [dkts. 124; 124-1; 124-4].

## IV. CONCLUSION

For the reasons explained above, the two Motions to Seal are both **GRANTED**. [Dkts. 119, 125.] Thus, the Clerk is **directed** to maintain dockets 118, 118-3, 118-4, 118-5, 124, 124-1, and 124-4 **UNDER SEAL**.

**SO ORDERED.**

Date: 9/17/2026

Kellie M. Barr
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email