**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| SUBARU OF INDIANA AUTOMOTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VALEO SYLVANIA LLC n/k/a VALEO NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 4:24-cv-00011-TWP-KMB |

**BRIEF IN SUPPORT OF PLAINTIFF SUBARU OF INDIANA AUTOMOTIVE, INC.'S MOTION TO FILE EXHIBITS TO ITS MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER SEAL**

Pursuant to S.D. Ind. L.R. 5-11(d) and (e), Plaintiff Subaru of Indiana Automotive, Inc. ("SIA") files its Brief in Support of Motion to File Exhibits to Its Memorandum in Support of Motion for Summary Judgment Under Seal. The SIA Confidential Exhibits listed in Table 1 contain SIA's confidential, proprietary, and commercially sensitive information and/or personally identifying information ("PII") of current and former SIA employees. For the reasons set forth below, SIA requests that the Court maintain Exhibits 2, 4, 13, 16, 48, 69, 70, 73, 75, and 80 (Dkts 157-1, 157-3, 157-8, 157-11, 157-32, 157-45, 157-46, 157-47, 157-48, 157-49) under seal in their entirety.

**BACKGROUND**

On October 22, 2024, this Court entered its Order approving of the parties' Uniform Stipulated Protective Order (Dkt. 40). Pursuant to Southern District of Indiana Local Rule 5-11(d)(4)(A)(ii), SIA filed all exhibits to its Memorandum in Support of Motion for Summary Judgment designated as "Confidential" and "Attorney's Eyes Only" by defendant Valeo Sylvania LLC n/k/a Valeo North America, Inc. ("Valeo") and non-party North American Subaru, Inc. under

seal. SIA also filed its Memorandum and Exhibits 14 and 27 under seal in their entirety because the Memorandum and Exhibits 14 and 27 describe and discuss evidence Valeo designated as confidential in discovery. Pursuant to S.D. Ind. Local Rule 5-11(d)(4)(A)(ii), SIA requests the Memorandum, Exhibits 14 and 27, and the Valeo Confidential Exhibits be maintained under seaind.l for 14 days in accordance with S.D. Ind. L.R. 5-11 because Valeo designated the subject information confidential.

In addition, in support of its Motion for Summary Judgment, SIA filed several exhibits that SIA designated "Confidential" under the Uniform Stipulated Protective Order. SIA filed the majority of those documents publicly and is not requesting that the Court maintain those documents under seal. A subset of exhibits, the SIA Confidential Exhibits listed in Table 1, contain PII of SIA's current or former employees and/or SIA's non-public business information, including but not limited to details relating to SIA's pricing structure, contractual relationships with third parties, and proprietary information regarding SIA's design and production process. For the reasons set forth below, SIA requests that the Court maintain the SIA Confidential Exhibits under seal.

## **ARGUMENT**

Where good cause exists to prevent the public from accessing a document, a court may shield that document from the public. *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009). The presumption of public disclosure "can be overridden" by "the property and privacy interests of the litigants . . . if the latter interests predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Additionally, the strong presumption of public disclosure applies only to materials that form the basis of the parties' dispute and the Court's resolution. *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545–48 (7th Cir. 2002) ("[T]he

*dispositive* documents in any litigation enter the public record notwithstanding any earlier agreement.").

Good cause exists when information is sealed to maintain the confidentiality of privileged information, trade secrets, or comparable nonpublic commercial information. *See Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545-46 (7th Cir. 2002). In the Seventh Circuit, courts regularly permit the maintenance of certain sensitive documents under seal. *See, e.g.*, *B&W Packaging Mfg., LLC v. Cost Sav. Sols. Co.*, No. 4:23-cv-00075-TWP-KMB, 2024 WL 5705053, at *2 (S.D. Ind. Nov. 12, 2024) (finding good cause to seal redactions of "specific pricing information" that benefitted competitors); *Ent. USA, Inc. v. Moorehead Commc'ns, Inc.*, 93 F. Supp. 3d 915, 935–36 (N.D. Ind. 2015) (finding "good cause" to seal "non-public financial and business information"); *see also Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-0298, 2013 WL 2452703, at *1–2 (E.D. Wis. June 5, 2013) ("[D]ocuments containing sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal."); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, at *9–10 (E.D. Wis. Oct. 24, 2008) (granting motion to seal documents containing "specific methods, techniques, and processes," as well as "nonpublic financial and business information including account balances" and "pricing, business plans, and strategies").

In this case, Exhibits 2, 4, 13, 16, 48, 69, and 80 contain competitively sensitive information relating to its input pricing, revenue, relationship with related entities, product specifications, production and quality control processes, and similar non-public information that, if disclosed, could aid SIA's competitors and hurt SIA's business interests.

This Court has found good cause to maintain documents under seal when "public disclosure of th[ose] documents would reveal confidential business information and potentially create an

unearned competitive business advantage." *Coyle Nissan, LLC v. Nissan N. Am., Inc.*, No. 4:18-cv-00075-TWP-TAB, 2021 WL 9098119, at *2 (S.D. Ind. Mar. 17, 2021). In fact, this Court has recognized "proprietary and sensitive information" should remain under seal in this case. Dkt. 147 at 4.

As detailed in Table 1 below, Exhibits 2, 4, 13, 16, 48, 69, and 80 to SIA's Memorandum in Support of Motion for Summary Judgment contain sensitive business information that, if made public, could harm SIA. Courts have regularly found that there is "good cause" to seal similar documents. *See B&W Packaging Mfg.*, 2024 WL 5705053 at *2; Ent. USA, Inc., 93 F. Supp. 3d at 935–36.

Additionally, SIA redacted PII (home addresses) of SIA employees contained in Exhibits 70, 73, and 75. The PII is not relevant to the Court's adjudication of this case and therefore not subject to the presumption of public access. *Baxter Int'l*, 297 F.3d at 545–48.

The information that is sought to be sealed is narrowly tailored. SIA seeks to maintain under seal only a small subset of exhibits to its Memorandum in Support of Motion for Summary Judgment. Further, SIA filed redacted public versions of Exhibits 2, 4, 48, 70, 73, and 75 as Dkts. 156-2, 156-3, 156-29, 156-32, and 156-34. SIA requests Exhibits 13, 16, 69, and 80 be maintained under seal in their entirety because they cannot be redacted to remove confidential information.

SIA contacted counsel for Valeo to determine its position on SIA's Motion to Seal. Valeo has not expressed support or opposition to maintaining the SIA Confidential Exhibits under seal.

**TABLE 1 – SIA CONFIDENTIAL EXHIBITS FILED UNDER SEAL**

| Memorandum Exhibit No. | Dkt. No. | Description | Basis for Sealing |
|---|---|---|---|
| **2** | **157-1** | Deposition of SIA 30(b)(6) representative | SIA filed a public version of the cited testimony with narrow redactions limited to testimony concerning (a) SIA's parts sales and SIA's cost of replacement parts. |

| | | | |
|---|---|---|---|
| | | | Disclosure of this information would give competitors insight into SIA's supply chain and proprietary pricing information. *See B&W Packaging Mfg.*, 2024 WL 5705053 at *2; Ent. USA, Inc., 93 F. Supp. 3d at 935–36; *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336 at *9 (E.D. Wis. Oct. 24, 2008). |
| **4** | **157-3** | Award letter for the F70 headlamps | SIA filed a public version of the document with narrow redactions to the portions of the document relating to the prices associated with the contract.<br><br>Disclosure of this information would give competitors insight into SIA's supply chain and proprietary pricing information. *See B&W Packaging Mfg.*, 2024 WL 5705053 at *2; Ent. USA, Inc., 93 F. Supp. 3d at 935–36 *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336 at *9 (E.D. Wis. Oct. 24, 2008). |
| **13** | **157-8** | Subaru Supplier Quality Manual | Contains non-public information relating to SIA's supply-chain and quality management system. Disclosure would give competitors insight into SIA's manufacturing operations. *See B&W Packaging Mfg.*, 2024 WL 5705053 at *2; Ent. USA, Inc., 93 F. Supp. 3d at 935 *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336 at *9 (E.D. Wis. Oct. 24, 2008)–36. |
| **16** | **157-11** | SIA's Inspection Standards for the F70 headlamps | Contains the product specifications, inspection standards, and confidential drawings of the F70 headlamp. Disclosure would give competitors insight into SIA's product design and specifications. *See B&W Packaging Mfg.*, 2024 WL 5705053 at *2; Ent. USA, Inc., 93 F. Supp. 3d at 935–36 *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336 at *9 (E.D. Wis. Oct. 24, 2008). |
| **48** | **157-32** | Deposition of Mike Roller, SIA Production Control Manager | SIA filed a public version of the cited testimony with narrow redactions limited to testimony concerning SIA's parts sales.<br><br>Disclosure of this information would give competitors insight into SIA's supply chain and proprietary pricing information. *See B&W Packaging Mfg.*, 2024 WL 5705053 at *2; Ent. USA, Inc., 93 F. Supp. 3d at 935–36 *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336 at *9 (E.D. Wis. Oct. 24, 2008). |
| **69** | **157-45** | Recall Agreement | Contains non-public information revealing SIA's relationship with a non-party affiliate. Disclosure would give competitors insight into Subaru's |

| | | | |
|---|---|---|---|
| | | | relationships between affiliates and allocation of recall costs and responsibilities. |
| **70** | **157-46** | Ken Nelson Travel Receipts | Contains home address of SIA employee that has no bearing on the Court's adjudication of this case. *Xirum v. U.S. Immigr. & Customs Enf't*, No. 122CV00801TWPKMB, 2024 WL 1796120 at *2 (S.D. Ind. Apr. 25, 2024). |
| **73** | **157-47** | Alvin O'Neal Travel Receipts | Contains home address of former SIA employee that has no bearing on the Court's adjudication of this case. *Xirum v. U.S. Immigr. & Customs Enf't*, No. 122CV00801TWPKMB, 2024 WL 1796120 at *2 (S.D. Ind. Apr. 25, 2024). |
| **75** | **157-48** | Steven Rider Travel Receipts | Contains home address of SIA employee that has no bearing on the Court's adjudication of this case. *Xirum v. U.S. Immigr. & Customs Enf't*, No. 122CV00801TWPKMB, 2024 WL 1796120 at *2 (S.D. Ind. Apr. 25, 2024). |
| **80** | **157-49** | Letter from SBR to SIA regarding recall costs | Contains non-public information revealing SIA's relationship with a non-party affiliate. Disclosure would give competitors insight into Subaru's relationships between affiliates and allocation of recall costs and responsibilities. *See B&W Packaging Mfg.*, 2024 WL 5705053 at *2; Ent. USA, Inc., 93 F. Supp. 3d at 935–36 *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336 at *9 (E.D. Wis. Oct. 24, 2008). |

**CONCLUSION**

Because each document or redaction identified in Table 1 contains PII and/or competitively sensitive business information whose public disclosure would cause competitive harm to SIA, good cause exists to maintain these materials under seal. For the foregoing reasons, SIA respectfully requests this Court grant SIA's motion to maintain Exhibits 2, 4, 13, 16, 48, 69, 70, 73, 75, and 80 to SIA's Memorandum in Support of Motion for Summary Judgment under seal.

Respectfully submitted,

ICE MILLER LLP

*/s/ Thomas E. Mixdorf*

Thomas E. Mixdorf, Atty No. 16812-49
George A. Gasper, Atty No. 24466-41
Audrey K. Howard, Atty No. 30653-53
John D. French, Atty No. 37629-53
Aaron C. Cox, Atty. No. 38816-49
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
T: 317-236-2100
thomas.mixdorf@icemiller.com
george.gasper@icemiller.com
audrey.howard@icemiller.com
jd.french@icemiller.com
aaron.cox@icemiller.com

*Counsel for Plaintiff Subaru of Indiana Automotive, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2026, a copy of the foregoing was filed electronically via the Court's E-Filing System and served upon all ECF-registered counsel.

*/s/ Audrey K. Howard*